IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMBER CHANG,

    Plaintiff,

v.

TIMELESS AESTHETICS ATLANTA,
LLC, dba TIMELESS AESTHETICS
OF ATLANTA,

    Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## **COMPLAINT**

COMES NOW, Plaintiff Amber Chang ("Plaintiff" or "Ms. Chang"), by and

through undersigned counsel, and files her Complaint against Defendant Timeless

Aesthetics Atlanta, LLC, dba Timeless Aesthetics of Atlanta, ("Defendant"), and

shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages and equitable for relief for

Defendant's violation of her rights under the Americans with Disabilities Act of

1

1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA") and Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. Section 794.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331

and 1343 and 42 U.S.C. § 12117.

3.

Defendant does business and maintains employment records in this judicial

district.   Additionally, the unlawful employment practices alleged in this

Complaint were committed within this district.   In accordance with 28 U.S.C. §

1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff timely filed a charge of discrimination against Defendant with the

Equal Employment Opportunity Commission ("EEOC") on September 10, 2021

and amended her Charge on October 12, 2021.

5.

The EEOC issued the "Notice of Right to Sue" on January 19, 2022.

6.

This action is being commenced within ninety (90) days of receipt of the first Notice of Right to Sue.

**PARTIES**

7.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

Defendant conducts business in this district and received federal financial assistance.

9.

Defendant received federal PPP loans during 2020-2021, which loan was converted to a grant in 2021 when Defendant was permitted to not repay the loan in question.

10.

Defendant is a corporate entity pursuant to the qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

11.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4) and an intended beneficiary of the federal financial assistance received by Defendant.

12.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5) and under Section 504.

13.

Defendant may be served with process via its Registered Agent, United States Corporation Agents, Inc., located at 1420 Southlake Place Drive, Morrow, GA 30260.

**FACTUAL ALLEGATIONS**

14.

Defendant hired Ms. Chang in or about July 2020 as a Front Office and Treatment Provider.

15.

Defendant promoted Ms. Chang to Director of Operations in September 2020, and again to COO in June 2021.

16.

On August 4, 2021, Ms. Chang notified Defendant that she had been diagnosed with cancer.

17.

On Thursday, August 5, 2021, Ms. Chang told Melissa Romero, Defendant's owner, that she would be back in the office on Monday, August 9, 2021.

18.

Ms. Romero disregarded Ms. Chang's return to work notice and instead removed Ms. Chang from the company email, chat and EMR system.

19.

On August 6, 2021, Defendant placed Ms. Chang on indefinite unpaid medical leave.

20.

Ms. Chang was perfectly capable of performing all of her job duties at the time Defendant forced her on unpaid leave.

21.

In addition, Ms. Romero, disclosed Ms. Chang's cancer diagnosis to both employees and individuals outside of the company.

22.

The only reason Defendant provided for the forced unpaid medical leave was Ms. Chang's cancer diagnosis.

23.

Ms. Chang attempted to be returned to work, but Defendant refused.

24.

Ms. Chang filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about September 10, 2021, for Defendant's discrimination based on her disability (i.e. cancer).

25.

In retaliation for Plaintiff's protected conduct, i.e. the filing of the Charge of Discrimination, Defendant opposed her application for unemployment benefits.

26.

Defendant claimed to the Georgia Department of Labor that Ms. Chang had stopped coming to work, and failed to report that it was Defendant that forced Ms. Chang on unpaid medical leave.

27.

Ms. Chang was ready, willing, and able to work, but was involuntarily placed on unpaid leave.

28.

But for Ms. Chang's disability status (i.e. her cancer diagnosis) and/or perceived disability, she would not have been terminated.

29.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity and/or because she was entitled to the protections of the ADA and Section 504, as amended.

30.

Employees outside of her protected class, i.e. employees who were not disabled and/or perceived as disabled and/or who had engaged in protected activity were treated differently, i.e. not terminated.

31.

Defendant did not terminate Plaintiff because her requests for accommodation or anticipated requests for accommodation presented any actual undue hardship, but rather due to the financial greed of the company.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION
## IN VIOLATION OF ADA AND SECTION 504

32.

Plaintiff reincorporates by reference paragraphs 1-31 of this Complaint.

33.

Plaintiff had a physical impairment that that limited one or more major life activities and/or major bodily functions.

34.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA and Section 504, as amended.

35.

Defendant was aware of Plaintiff's disability.

36.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA and Section 504, as amended.

37.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA and Section 504, as amended.

38.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA and Section 504.

39.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

40.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA and Section 504, as amended.

41.

To the extent Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext for disability discrimination.

42.

Defendant treated other employees outside Plaintiff's protected class differently.

43.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

44.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith. The decision to terminate/place Plaintiff on an unpaid, indefinite leave was made by the highest member of upper management with Defendant.

45.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

46.

As a direct and proximate result Defendant's violation of the ADA and Section 504, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

47.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

48.

Pursuant to the ADA and Section 504, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA and Section 504, as amended.

49.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

50.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  RETALIATION IN VIOLATION OF THE ADA AND SECTION 504, AS AMENDED

51.

Plaintiff reincorporates by reference paragraphs 1-31 above as if fully set forth herein.

52.

Plaintiff had a physical health impairment which limited one or more major life activities and/or major bodily functions.

53.

Plaintiff's physical l health impairment is a "disability" within the meaning of the ADA and Section 504, as amended.

54.

Defendant was aware of Plaintiff's disability.

55.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA and Section 504.

56.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

57.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA and Section 504, as amended.

58.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

59.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

60.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

61.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA and Section 504, as amended.

62.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

63.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

64.

Pursuant to the ADA and Section 504, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA and Section 504, as amended.

65.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)        General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)        Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)        Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)        Reasonable attorney's fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)        All other relief to which she may be entitled.

(j)

Respectfully submitted the 8th day of March, 2022.

**BARRETT & FARAHANY**

 s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Catherin Gavrilidis
Georgia Bar No. 565343

*Attorney for Amber Chang*

P.O. Box 530092
Atlanta, GA 30343
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
catherine@justiceatwork.com

16